IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD GIVENS,<br><br>     Plaintiff,<br><br>  v.<br><br>PARAMOUNT MORTGAGE; SAXON MORTGAGE; CAL WESTERN RECOVEYANCE CORP.; and DOES 1-50, inclusive,<br><br>     Defendants.<br>_____/ | Case No. 2:09-CV-3269-JAM-KJM<br><br><u>REMAND ORDER</u> |

    This matter comes before the Court on Defendant Saxon Mortgage Services, Inc.'s ("Defendant's") Motion to Dismiss Plaintiff Richard Givens' ("Plaintiff's") Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff opposes the motion.[1] For the reasons set

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g).

1

forth below, this Court does not have jurisdiction over this case and must remand this action to state court.

## I.   OPINION

This case was removed on November 23, 2009, from Sacramento County Superior Court by Defendant under 28 U.S.C. § 1441, based solely on federal question jurisdiction. Jurisdiction is a threshold inquiry before the adjudication of any case before a court, see Morongo Band of Mission Indians v. Cal. State Bd. of Equalization, 858 F.2d 1376, 1380 (9th Cir. 1988), and a court "ha[s] an independent obligation to address sua sponte whether [it] has subject-matter jurisdiction." Dittman v. California, 191 F.3d 1020, 1025 (9th Cir.1999); accord Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 593, 124 S.Ct. 1920, 1937, 158 L.Ed.2d 866 (2004) (citations omitted) ("[I]t is the obligation of [the] district court . . . to be alert to jurisdictional requirements."). Without jurisdiction, this Court cannot decide the merits of this case or order any relief. See Morongo, 858 F.2d at 1380.

It is well settled that if a complaint contains only state law causes of action, "original federal jurisdiction is unavailable unless it appears that some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims, or that one or the other claim is

'really' one of federal law." Morongo, 858 F.2d at 1383 (citing Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 13 (1983)). Indeed, passing references to federal statutes do not create a substantial federal question. Lippit v. Raymond James Fin. Servs., Inc., 340 F.3d 1033, 1040-41 (9th Cir. 2003); see also Rains v. Criterion Sys. Inc., 80 F.3d 339, 344 (9th Cir. 1996) (references to Title VII are insufficient to establish federal jurisdiction in a wrongful termination action). "When a claim can be supported by alternative and independent theories – one of which is a state law theory and one of which is a federal law theory – federal question jurisdiction does not attach because federal law is not a necessary element of the claim." Rains, 80 F.3d at 339; see also Lippit, 340 F.3d at 1043.

   Plaintiff's pro se complaint contains three causes of action: fraud, injunctive relief, and reformation of contract. Defendant removed the case, arguing that Plaintiff asserts a cause of action for a violation of a federal statute, the Federal Trade Commission Act, 15 U.S.C. § 45(a). Plaintiff's complaint, under the "Second Cause of Action, Complaint for Injunctive Relief" alleges that Plaintiff "submitt[ed] to the Defendant Saxon Mortgage an Official Qualified Written Request [("QWR")] under FDIC-UNFAIR OR DECEPTIVE TRADE PRACTICE FDIC 15 USC 45(a) FTC Act Section 5 . . . ." Plaintiff merely mentions

the submission of the QWR as part of the actions taken by Plaintiff in dealing with the possibility of default. More importantly, 15 U.S.C. § 45(a) does not provide a private cause of action for a failure to respond to a QWR. Indeed, this statute has nothing to do with the issues in this case and cannot, therefore, be a valid basis for relief in this Court. <u>See</u> 15 U.S.C. § 18(f) (providing that preliminary injunctions, alleging violations of section 45 of this act, are filed by the Federal Trade Commission or by the United States). It is clear that Plaintiff's claim for injunctive relief does not rely solely on violations of federal law and resolution of a federal issue is not essential.

Plaintiff is now represented by an attorney, and Plaintiff's attorney filed an opposition to the motion to dismiss. The opposition does not reference any federal statutes or federal claims, further demonstrating that this case involves only state law.

## II. ORDER

Because the Court does not have federal question jurisdiction over Plaintiff's claims, the Court REMANDS this

//

//

//

4

action back to the Superior Court of California, County of Sacramento.

The Clerk shall close this case and enter judgment.

IT IS SO ORDERED.

Dated: May 5, 2010

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE